THE E. O. PAINTER FERTILIZER COMPANY, A CORPORATION, ETC., PLAINTIFF, v. THE KIL-TONE COMPANY, DEFENDANT.

Submitted October 15, 1926—Decided March 23, 1927.

> Rules 93, 94 and 95 of the Supreme Court, as amended in January, 1926, permit judges of Circuit Courts to hear objections to pleadings filed in the Supreme Court, and to determine their propriety and validity; and the Supreme Court will, unless upon good reason shown, decline to entertain a motion to strike out defendant's pleas, because the Circuit Court judge, who sits in the Circuit where the action will ultimately be decided, should hear and decide such motion.

On motion to strike out defendant's pleas.

Before Justices KALISCH, KATZENBACH and LLOYD

For the motion, *Wall, Haight, Carey & Hartpence.*

*Contra, Walter H. Bacon.*

The opinion of the court was deivered by

LLOYD, J.   In the record of this case we find a notice from the attorney of the plaintiff to the attorney of the defendant that he "would bring on for hearing before the Supreme Court  *  *  *  plaintiff's objections in point of law set forth in its amended reply in the above-stated cause."

The purpose is to determine the legal sufficiency of a plea of the statute of limitations and also of a plea of *res adjudicata* set up by the defendant.

Rules 93, 94 and 95 of the Supreme Court were amended in June of last year in conformity with the amendment of the Procedure act (*Pamph. L.* 1926, *p.* 103) to meet just such a situation as is here presented by permitting judges of the Circuit Court (before one of whom the case in its entirety must ultimately be heard) to hear and determine the propriety and validity of pleadings. Such amendment of the rules was made necessary by the enormous burden of work (ever increasing) upon the justices of the Supreme Court due to the growth of poulation, industry and wealth in the state and the consequent litigation. It is, we think, only less important also that the trial judge should be the one who shall pass upon pleadings in the cases to come before him for trial. He can thus mold the issues in conformity with his own views and not be obliged to follow the views of those with whom he may not be in accord. He is then enabled also to familiarize himself with the questions to be presented in time for reflection outside the hurry of trial work. To meet the added labor the number of Circuit judges can be increased from time to time, while the number of justices in this court cannot be thus increased to practical advantage.

The questions sought to be raised in the present record are therefore referred for their disposition to the judge of the Circuit Court sitting in the Cumberland County Circuit.